UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DINA ELYSE DUVALL,

                Plaintiff,

    v.

CCWF, CDC, Does 1-100,

                Defendants.

) 1:02-cv-06147  OWW SMS
)
) MEMORANDUM DECISION AND
) ORDER DENYING PLAINTIFF'S
) MOTION FOR RECONSIDERATION
) (DOCS. 34, 35)
)
)
)
)
)
)

## I.   INTRODUCTION

Plaintiff Dina Elyse Duvall ("Plaintiff") moves for reconsideration of the district court's order adopting in full the magistrate judge's Findings and Recommendations recommending that Plaintiff's motion for preliminary injunctive relief be denied.

## II.   BACKGROUND

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action under 28 U.S.C. § 1983.  On November 29,

1

1  2004, Plaintiff filed a Fourth Amended Complaint (Doc. 30) and a

2  motion titled "Motion for Speedy Removal" (Doc. 31).  The "Motion

3  for Speedy Removal" was construed as a motion for a preliminary

4  injunction requesting that Plaintiff be speedily removed from the

5  California Central Facility for Women (CCWF) because her presence

6  there is "harmful to her health" and "may cause her further

7  harm."  The magistrate judge filed a Findings and Recommendations

8  on December 20, 2004, recommending that Plaintiff's motion be

9  denied.  (Doc. 32)  Plaintiff was given thirty days after being

10 served to file written objections with the court.  (*Id*. at 3)

11 All parties, including Plaintiff, were warned that "failure to

12 file objections within the specified time may waive the right to

13 appeal the Order of the District Court."  (*Id*. (citing *Martinez

14 v. Ylst*, 951 F.2d 1153 (9th Cir. 1991))  No objections were

15 filed.

16      On February 3, 2005, after a *de novo* review of the case, the

17 district court adopted the magistrate judge's findings and

18 recommendations in full.  (Doc. 33, Order)  It is this order that

19 it subject of this motion for reconsideration.  On February 25,

20 2005, Plaintiff filed a document titled "Request for

21 Reinstatement Under Federal USCA 1983."  (Doc. 34, "Motion for

22 Reconsideration")  In this motion, Plaintiff argues that the

23 district court should reconsider its order on the basis that the

24 court never received her brief even though she had "mailed it off

25 in a timely manner."  (*Id*. at 1)  On March 7, 2005, Plaintiff

26 filed a document titled "Request Respond from Postal Service as

27 Evidence."  (Doc. 35)  Attached to this request is a copy of a

28 letter Plaintiff received from the postmaster at the Chowchilla

post office in response to Plaintiff's request regarding her
brief, which she had sent by certified mail.   Documents 34 and 35
are together construed as a motion for reconsideration under
Federal Rule of Civil Procedure 60(b) and are the subject of this
memorandum decision and order.

### III.   ANALYSIS

Fed. R. Civ. P. 60(b) permits reconsideration of a judgment
or order of the district court on grounds of: (1) mistake,
inadvertence, surprise, or excusable neglect; (2) newly
discovered evidence that supports grounds for a new trial under
Rule 59; (3) fraud of an adverse party; (4) judgment is void;
(5) judgment has been satisfied, released or discharged; or
(6) any other reason justifying relief from the operation of the
judgment.   Clause 60(b)(6) "is reserved for extraordinary
circumstances."   *LaFarge Conseils et Etudes, S.A. v. Kaiser
Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986) (internal quotations
and citations omitted).   Motions for relief from judgment or
order under Rule 60(b) are committed to the discretion of the
trial court.   *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983)
(en banc).

Plaintiff attaches to her Motion for Reconsideration a copy
of her "Motion for Speedy Removal" (i.e., Doc. 32).   Plaintiff
states that she sent this brief to the court via certified mail
on November 24, 2004, and attaches a copy of a certified mail
receipt in support.   Plaintiff argues that the court should
reconsider its motion because it did not receive her brief.

1  However, the court did receive her brief.  The "Motion for Speedy

2  Removal" was filed electronically on November 29, 2004, five days

3  after Plaintiff claims to have mailed it to the court.  It is the

4  very brief that was considered by the magistrate judge and later

5  by the district court.  Plaintiff does not assert that she filed

6  a brief other than her Motion for Speedy Removal (Doc. 32), or

7  that she timely filed objections to the magistrate judge's

8  Findings and Recommendations.  Plaintiff offers no basis for Rule

9  60(b) reconsideration.

10

11          For all the foregoing reasons, Plaintiff's

12          Motion for Reconsideration (Docs. 33, 34) is

13          **DENIED.**

14

15

16  **SO ORDERED.**
    **DATED: August  _24__ , 2005.**
17

18                              **/s/ OLIVER W. WANGER**

19                         _____

20                              **Oliver W. Wanger**
                            **UNITED STATES DISTRICT JUDGE**
21

22

23

24

25

26

27

28

**4**