# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINA ELYSE DUVALL, | CV F   02 6147 OWW SMS P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION (Doc. 30) |
| v. | |
| CCWF, CDC, Does 1-100, | |
| Defendants. | |

DINA ELYSE DUVALL ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**A. PROCEDURAL HISTORY**

Plaintiff filed the initial complaint on September 19, 2002, and an Amended Complaint on October 25, 2002. The Court dismissed Plaintiff's Amended Complaint on November 27, 2002, finding that Plaintiff did not state a claim for deliberate indifference against Defendants Narosin, Marquez, Pillor, Mekkam, Goodwin. The Court found that Plaintiff alleged a disagreement in treatment concerning a toothache examined by Defendant Narosin, and treatment for a head injury by Defendant Marquez, treatment for stomach pain by Defendant Pillor,

treatment for Bursitis by Defendant Mekkam, and treatment for a rash by Defendant Goodwin. Plaintiff filed a Second Amended Complaint on January 14, 2003.

In the Second Amended Complaint, Plaintiff named the California Department of Corrections, Dr. Suryadevara and Does 1 through 50 as Defendants.  Plaintiff alleged that she was denied adequate dental treatment for a tooth filling and that she had been provided inadequate care for her sinus congestions and emotional problems.  On June 17, 2003, the Court dismissed this Complaint on immunity grounds, that Plaintiff failed to allege adequate grounds for relief concerning the toothache or the care concerning her sinus congestion, emotional problems or other ailments.[1]

Plaintiff filed a Third Amended Complaint on September 26, 2003.  Here Plaintiff again named the California Department of Corrections, Dr. Suryadevara and Does 1 through 50 as Defendants.   On August 18, 2004, in an Order dismissing with leave to amend, the Court again informed Plaintiff that she could not maintain a suit against the California Department of Corrections and did not allege sufficient grounds to hold Defendant Suryadevara liable as a supervisor.   The Court also informed Plaintiff that she did not link any of the fifty Doe Defendants to an act or omission giving rise to a constitutional violation under the Eighth Amendment for her dental claims and other medical claims.   Plaintiff was also informed that she could not maintain a state law negligence claim because she did not allege compliance with the California Tort Claims Act.  Finally, the Court informed Plaintiff did not allege sufficient facts demonstrating a retaliation claim against Plaintiff's first amendment rights.  The Court informed Plaintiff that one more opportunity to amend to cure the deficiencies would be afforded her.

Plaintiff filed a Fourth Amended Complaint on November 29, 2004, which is now before the Court.

**B. SUMMARY OF COMPLAINT**

In Plaintiff's Fourth Amended Complaint, Plaintiff complains again about the dental care

---

[1] Although not discussed, the Court notes that Plaintiff did not link any of the named Defendants in this Complaint to an act or omission giving rise to a constitutional violation.  In any event, Plaintiff failed to allege even sufficient facts to state a claim.

provided her concerning a crown. Plaintiff's Fourth Amended Complaint is difficult to read in that she has provided thirty-nine pages consisting of at least 57 paragraphs and has filled each line with at least two lines of writing. Plaintiff also provides a detailed narrative of every encounter she has had with medical and dental staff from January 24, 2001, to August 9, 2004, well after she initiated this action. Nevertheless, the Court can glean that Plaintiff is alleging a Negligence, an Eighth Amendment violation for medical treatment and a retaliation claim. Plaintiff names the following individuals as Defendants: Jeanne Woodford, Director of California Department of Corrections, Mitchell, Warden, Dr. Suryadevara, C. Lee DDS, Dr. Buckendahl, Mehas, I. Ollison CCII, Versage CCI, S. Lynch CCII, A. Cordoza CCII, Cpt. T Wong, Dr. Goodwin, Dr. Kruse, W. Baron C/O, D. Wait C/O, Cpt. Schoonard, and Does 1-50.

**C. CLAIMS FOR RELIEF**

   *1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Plaintiff has been repeatedly informed that she must link each named Defendant to an act

or omission giving rise to a constitution violation. However, for whatever reasons, she continues to fail to do this. Although Plaintiff does reference some of the Defendants by name in her narrative, they are only in passing and do not link them to any act or omission as is required. For example, Plaintiff mentions Drs. Lee, Buckendahl, but only insofar as she was examined by them. Plaintiff also references Defendants Wong and Versage but only states that they were Correctional Counselors. (Complaint at ¶ 38.) Plaintiff names numerous individuals not parties to this action, however, she does not also allege any wrongdoing by them. Accordingly, Plaintiff's failure to link any named Defendant to an act or omission after having had four opportunities to amend and cure this defect warrants dismissal of the action.

### 2. Negligence

The California Tort Claims Act requires that tort claims against a public entities or its employees be presented to the State Board of Control no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 945.4, 950-950.6. To state a tort claim against a public employee, the plaintiff must allege compliance with the Tort Claims Act. Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) (citing Snipes v. City of Bakersfield, 145 Cal.App.3d 861, 193 CalRptr. 760, 762 (Cal.App. 1983)); McQuoid v. Rubin, No. S-97-0325 MLS PAN, 1997 WL 1037884, *4 (E.D. Cal. 1997).

Plaintiff was informed of the requirement that compliance with the California Tort Claims Act was required to state a cognizable claim of negligence in a Civil Rights Action. (See Court Doc. 27.) Plaintiff, however, has again failed to allege such compliance and even had she, she links none of the Defendants as noted above, and does not allege facts sufficient to state a claim of negligence.

### 3. Eighth Amendment Medical Care Claim

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501

U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, Plaintiff does not allege facts sufficient to support a claim for relief under Section 1983 for violation of the Eighth Amendment. In addition, as in the case above, Plaintiff does not link any named Defendant to an act or omission. Finally, the facts Plaintiff does allege indicate a disagreement with diagnosis. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). The Court finds the Complaint fails to state a claim for relief under the Eighth

Amendment.

### 3. Retaliation

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under Section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003. "Within the prison context, a viable claim of First Amendment retaliation entails five elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir.2005) (*citations omitted*).

Here, Plaintiff alleges generally she was retaliated against because she did not receive adequate medical care. Plaintiff does not allege any facts concerning her First Amendment rights in relation to the alleged retaliation and further fails to link any named Defendant to an act or omission giving rise to such a violation.

## D. CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff has failed to state a claim for relief under section 1983. Further, the Court finds that despite initiating the case in 2002 and being given numerous opportunities to cure the deficiencies, for whatever reasons, Plaintiff has been unable to do so. Thus, it appears that the above deficiencies are not capable of being cured by amendment, and therefore leave to amend should not be granted.[2] 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the Court RECOMMENDS that this action be dismissed in its entirety.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District

---

[2] The Court notes further that in examining the numerous Complaints submitted by Plaintiff, she has routinely changed claims and defendants and appears to take each opportunity to amend as a liberty to include new events that post date the initiation of the case.

6

1 Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy
2 of this Report and Recommendation, any party may file written objections with the Court and
3 serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
4 Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed
5 within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.
6 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

 The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 10, 2006**                /s/ Sandra M. Snyder
icido3                              UNITED STATES MAGISTRATE JUDGE